IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID MARTINEZ,
and all others similarly situated,

    Plaintiffs,

v.                                        C.A. No.:   5:20-cv-295

**COLLECTIVE ACTION**

QUALITY CARRIERS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MARTINEZ (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sues Defendant, QUALITY CARRIERS, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, QUALITY CARRIERS, INC., has offices Bexar County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Bexar County, Texas.

5. Plaintiff, DAVID MARTINEZ, was employed by Defendant from February 27, 2019, to February 3, 2020, as a "Driver." Plaintiff's principle duties were to haul refinery remnants for oil and gas customers located solely within the state of Texas.

6. Defendant, QUALITY CARRIERS, INC., is a corporation existing under the laws of the State of Illinois and maintains offices in San Antonio, Texas.

7. Defendant, QUALITY CARRIERS, INC., operates a company that primarily operates a logistics and trucking business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, QUALITY CARRIERS, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, QUALITY CARRIERS, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, QUALITY CARRIERS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and others similarly situated (hereinafter "Class"), and, as a matter of economic reality, the Class was dependent upon Defendant for their employment.

12. The Class members were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities. Specifically, the Class performed work relating to the production of oil and gas products for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

13. The Class members are similarly situated, as they all 1) hauled refinery remnants for oil and gas customers solely within the state of Texas; 2) did not hold positions considered as exempt under the FLSA; and, 3) were paid on a percentage per load basis.

14. All of the materials and goods hauled by Class members originated within the state of Texas either because they were manufactured within the state of Texas or because they had come to rest in the state of Texas at the business locations where Class members picked up their loads.

15. All materials and goods hauled by Class members came to rest within the state of Texas or were further refined or altered to such an extent that the materials and goods were a different product.

16. During Class members' job interviews and/or training, Defendant informed Class members that they would only be performing jobs requiring travel within the state of Texas.

17. None of the Class members had an understanding that they would be called upon to travel outside of the state of Texas while performing duties for Defendant.

18. Class members were never informed by Defendant that their driving duties might subject them to interstate travel.

19. Class members were part of a separate and distinct department within Defendant's organization which handed the hauling of refinery remnants for oil and gas customers within the state of Texas.

20. Class members always drove the same or similar type of truck and were always assigned jobs requiring travel solely within the state of Texas.

21. Class members never hauled anything but refinery remnants that originated within the state of Texas either because they were quarried within the state of Texas or because they had come to rest in the state of Texas at the business locations where the picked up their loads.

22. Throughout the employment of Plaintiff and others Class members Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Class members at a rate not less than one and one-half times their regular rates of pay for each hour worked in excess of 40 in a workweek.

23. Specifically, Class members were never paid any overtime for the work in excess of 40 hours in a workweek.

24. The work schedules for the Class members required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

25. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF QUALITY CARRIERS, INC. WHO WERE EMPLOYED AS DRIVERS AT QUALITY CARRIERS, INC.'s SAN ANTONIO, TEXAS, TERMINAL FROM MARCH 11, 2017 TO THE PRESENT.

26. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

    c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

27. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

28. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been

denied overtime compensation while employed by Defendant.

29. Defendants' policy of not properly paying overtime is company-wide and "Drivers," throughout the State of Texas, employed by Defendant during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

30. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

31. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

32. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

33. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

34. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

35. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, DAVID MARTINEZ, and all others similarly situated, demand Judgment against Defendant for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, DAVID MARTINEZ, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this March 11, 2020.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFF**